UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Q CLOTHIER NEW ORLEANS, LLC | * | CIVIL ACTION NO.: |
| Q SHIRTMAKERS WEST VILLAGE, LLC | * | |
| Q CUSTOM CLOTHIER HOUSTON, LLC | * | JUDGE: |
| Q CUSTOM CLOTHIER OKC, LLC | * | |
| Q CUSTOM CLOTHIER ATL, LLC | * | MAGISTRATE: |
| Q CLOTHIER TULSA, LLC | * | |
| Q CLOTHIER FT. WORTH, LLC | * | |
| Q FIFTY ONE DIGITAL, LLC | * | |
| Q FIFTY ONE, LLC | * | |
| Plaintiffs | * | |
| VERSUS | * | |
| | * | |
| TWIN CITY FIRE INSURANCE COMPANY and | * | |
| HARTFORD FIRE INSURANCE COMPANY | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND REQUEST FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, come, Plaintiffs, Q Clothier New Orleans, LLC, Q Shirtmakers West Village, LLC, Q Custom Clothier Houston, LLC, Q Custom Clothier OKC, LLC, Q Custom Clothier ATL, LLC, Q Clothier Tulsa, LLC, Q Clothier Ft. Worth, LLC, Q Fifty One Digital, LLC, Q Fifty One, LLC, who files this Complaint against Defendants, Twin City Fire Insurance Company and Hartford Fire Insurance Company, and alleges as follows:

### PARTIES

1. Plaintiff, Q Clothier New Orleans, LLC, is a limited liability company organized and existing under the laws of the State of Louisiana.

2. Plaintiffs, Q Shirtmakers West Village, LLC, Q Custom Clothier Houston, LLC, Q Clothier Ft. Worth, LLC, Q Fifty One Digital, LLC, and Q Fifty One, LLC, are limited liability companies organized and existing under the laws of the State of Texas.

3. Plaintiffs, Q Custom Clothier OKC, LLC and Q Clothier Tulsa, LLC, are limited liability companies organized and existing under the laws of the State of Oklahoma.

4. Plaintiff, Q Custom Clothier ATL, LLC is a limited liability company organized and existing under the laws of the State of Georgia.

5. Defendant, Twin City Fire Insurance Company, is a foreign insurer that may be served with process through the Secretary of State, State of Louisiana, 3851 Essen Lane, Baton Rouge, Louisiana, 70809.

6. Defendant, Hartford Fire Insurance Company, is a foreign insurer that may be served with process through the Secretary of State, State of Louisiana, 3851 Essen Lane, Baton Rouge, Louisiana, 70809, and is the parent company to Twin City Fire Insurance Company.

7. Twin City Fire Insurance Company and Hartford Fire Insurance Company will be referred to collectively as "The Hartford Defendants."

**SUBJECT MATTER AND PERSONAL JURISDICTION**

8. This court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 USC § 1332 as the parties are diverse and the amount in controversy is above $75,000.

9. This Court has personal jurisdiction over The Hartford Defendants because at all relevant times they have engaged in substantial business activity in the State of Louisiana. At all relevant times, The Hartford Defendants transacted, solicited, and conducted business in Louisiana through their employees, agents, and/or sales representatives, and derived substantial revenue from such business in Louisiana.

## FACTS

10. Plaintiffs purchased from The Hartford Defendants Spectrum® Business Owner's Policy No. 59 SBA IW5221 SC to cover Plaintiffs' quality custom men's clothing stores located at the following physical business locations:

> Location 001:  3600 McKinney Ave, Ste 250, Dallas, TX 75204
>
> Location 002:  3699 McKinney Ave, Dallas, TX 75204
>
> Location 003:  2800 Kirby Drive, Houston, TX 77098
>
> Location 004:  5800 N. Classen Blvd., Ste 1, Oklahoma City, OK 73118
>
> Location 005:  675 Ponce de Leon Avenue NE, Atlanta, GA 30308
>
> Location 006:  1345 E. 15th Street, Tulsa, OK 74120
>
> Location 007:  5167 Monahans Ave, Fort Worth, TX 76109
>
> Location 008:  642 Yale St., Ste B, Houston, TX 77007
>
> Location 009:  1001 Julia Street, New Orleans, LA, 70130, which municipal address was later administratively changed to 795 O'Keefe Avenue, New Orleans, LA, 70130, by the City of New Orleans, and which qualifies as a newly-acquired location under the terms and conditions of the insurance policy.

11. The policy is currently in full effect, providing property; business personal property; business income and extra expense; stretch coverages; limited fungi, bacteria or virus coverage; and additional coverages between the period of June 19, 2019, to June 19, 2020.

12. Plaintiffs paid all policy premiums due under the policy.

13. For each of the above locations, the insurance policy provides Business Income coverage for 27 days (30 days minus a 72-hour waiting period) plus an additional 60 days pursuant to Section B(4) of the Stretch coverage form (SS 04 08 09 07), for a total of 87 days.

14. With regard to the newly-acquired location at 795 O'Keefe Ave, New Orleans, LA 70130, it is provided coverage of up to $500,000 pursuant to Section B(1)(c)(1) of the Stretch coverage form (SS 04 08 09 07).

15. For each of the above locations, the insurance policy provides limited fungi, bacteria or virus coverage in the amount of $50,000, for a total of $450,000 for all locations, including business income and extra expense coverage for 30 days.

16. The policy is an all-risk policy, insofar as it provides that covered causes of loss under the policy means direct physical loss or direct physical damage unless the loss is specifically excluded or limited in the policy.

17. The policy specifically extends coverage to direct physical loss or damage caused by virus.

18. On or around March of 2020, the United States of America became infected by COVID-19, also referred to as coronavirus, resulting in a pandemic. As a result of this pandemic and infection, Plaintiffs sustained direct physical loss or damage and will continue to sustain direct physical loss or damage covered by the policy, including, but not limited to, business interruption, extra expense, action of civil authority, limitations on ingress and egress, and expenses to reduce loss. As a direct result of this pandemic and infection, Plaintiffs' property has been damaged and cannot be used for its intended use.

19. The virus is physically impacting public and private property, and physical spaces in cities around the world and the United States. Any effort by The Hartford Defendants to deny the reality that the virus causes physical loss and damage would constitute a false and potentially fraudulent misrepresentation that could endanger policyholders and the public.

20. According to the policy, The Hartford Defendants will pay for loss of business income under two scenarios: (1) when Plaintiffs sustain direct physical loss of or physical damage to its property, and (2) when a civil authority prohibits access to Plaintiffs' stores "as a direct result of a Covered Cause of Loss to property in the immediate area" of Plaintiffs' covered premises.

21. As for direct physical loss or damage coverage, the COVID-19 virus caused, and is still causing, property damage to Plaintiffs' premises, making them dangerous to customers and employees.

22. As for civil authority coverage, the proclamations by the various governing bodies are being made because the COVID-19 virus caused, and is still causing, covered losses to property in the immediate area of each of Plaintiffs' locations. In fact, the proclamations by Louisiana Governor Jon Bel Edwards and New Orleans Mayor Latoya Cantrell specifically reference property damage caused by the COVID-19 virus to surrounding businesses as a reason to issue the mandatory lock down of non-essential businesses, which includes Plaintiffs' location in New Orleans.

23. The Business Income provisions in the Special Property Coverage Form, section A.5(o)(1), provide as follows:

> We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or physical damage to property at the "scheduled premises", including personal property in the open (or in a vehicle) within 1,000 feet of the "scheduled premises", caused by or resulting from a Covered Cause of Loss.

24. The phrase "Covered Cause of Loss" is defined in Section A(3) of the Special Property Coverage Form as follows: RISKS OF DIRECT PHYSICAL LOSS unless the loss is: (a)

Excluded in Section B., EXCLUSIONS; or (b) Limited in Paragraph A.4. Limitations; that follow.

The Exclusions and Limitations do not apply to the current set of facts.

25. The policy defines Business Income as follows:

> (a) Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no direct physical loss or physical damage had occurred; and (b) Continuing normal operating expenses incurred, including payroll.

26. In Section A.5(q)(1), the policy defines Civil Authority coverage as follows:

> This insurance is extended to apply to the actual loss of Business Income you sustain when access to your "scheduled premises" is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of your "scheduled premises".

27. According to the policy, coverage for Business Income begins 72 hours after the order of a civil authority and coverage will end at the earlier of: (a) when access is permitted to your store, or (b) 30 consecutive days after the order of the civil authority (so 27 days of coverage), plus an additional 60 days pursuant to Section B(4) of the Stretch coverage form (SS 04 08 09 07), for a total of 87 days.

28. The policy does not contain an applicable virus exclusion.

29. The policy does not contain an applicable exclusion due to losses from a global pandemic.

30. Plaintiffs have suffered and will continue to suffer a direct physical loss of and damage to its properties. Plaintiffs' losses include, but are not limited to, the losses to Plaintiffs' businesses stemming from the measures taken by government authorities as a result of physical property damage in the immediate area of Plaintiffs' locations.

31. Plaintiffs did not participate in the drafting of the policy with The Hartford Defendants.

32. Based on the terms and conditions of the policy, Plaintiffs demanded that a claims file be opened for each of the insured locations and that The Hartford Defendants begin adjusting those losses immediately. Plaintiffs further provided Plaintiffs with satisfactory proof of loss from each of Plaintiffs' locations and demanded reimbursement for those losses pursuant to the terms and conditions of the policy. Instead of doing so, The Hartford Defendants denied coverage.

33. Specifically, on March 24, 2020, The Hartford Defendants sent a letter to Plaintiffs acknowledging receipt of the claim and thanking Plaintiffs "for trusting The Hartford."

34. Three days later, on March 27, 2020, without visiting any of Plaintiffs' locations or the immediate area surrounding those locations, The Hartford Defendants sent another letter to Plaintiffs denying coverage for business income loss.

35. Specifically, the March 27, 2020, letter erroneously states, "Even if the virus did cause damage, it is excluded from the policy, and the limited coverage available for losses caused by virus does not apply to the facts of your loss." This is a misrepresentation of the insurance policy provisions because the policy's standard virus exclusions were deleted and Plaintiffs specifically paid a premium for virus coverage.

36. The March 27, 2020, letter further erroneously states, "As we understand the facts, you are suffering from a loss of business income because you, or a business you depend on, have had to close or limit your business to help prevent the spread of COVID-19, the disease caused by the novel coronavirus," and additionally stated, "We have no information to indicate that a civil authority issued an order as a direct result of a covered cause of loss to property in the immediate area of your scheduled premises; accordingly, this additional coverage is not available for your claimed loss of business income." Despite the various civil authority orders being publicly available to The Hartford Defendants, The Hartford Defendants failed to acknowledge that at least

two of the civil authority orders prohibited access to Plaintiffs' stores "as a direct result of a Covered Cause of Loss to property in the immediate area" of Plaintiffs' stores and specifically reference property damage caused by virus in the surrounding businesses as a reason to issue the mandatory lock down of non-essential businesses, which includes Plaintiffs' businesses.

37. The Hartford Defendants then declared that the policy's pollution exclusion would be potentially applicable despite the fact that courts in Louisiana have held that the pollution exclusion is reserved for application to industrial polluters, which does not include a men's clothing store.

38. The Hartford Defendants are liable unto Plaintiffs for all coverages under the policy triggered by the facts and circumstances set forth above.

39. Additionally, The Hartford Defendants are liable unto Plaintiffs for exemplary damages under the insurance bad faith statutes in Louisiana, Texas, Arkansas, Oklahoma, and Georgia.

40. Specifically, Plaintiffs are entitled to recover against The Hartford Defendants under the Louisiana Insurance Code, La. R.S. Title 22 and the case law interpreting same; under the Texas Unfair Claim Settlement Practices Act (Texas Insurance Code Chapter 542) and the case law interpreting same, including, but not limited to the Texas Supreme Court's decision in *USAA v. Mancheca*, No. 14-0721 (Tex. April 7, 2017); under the Oklahoma Code Title 36 and the case law interpreting same; and/or, under the Georgia Code Title 33, Chapter 6, Article 2 (Unfair Claims Settlement Practices) and the case law interpreting same.

41. Based on the foregoing, Plaintiffs hereby demand recovery against The Hartford Defendants for actual damages, punitive and/or exemplary damages, court costs, defense costs, judicial interest, and attorney's fees.

42.     Plaintiffs request a trial by jury on all issues of fact herein.

WHEREFORE, Plaintiffs, Q Clothier New Orleans, LLC, Q Shirtmakers West Village, LLC, Q Custom Clothier Houston, LLC, Q Custom Clothier OKC, LLC, Q Custom Clothier ATL, LLC, Q Clothier Tulsa, LLC, Q Clothier Ft. Worth, LLC, Q Fifty One Digital, LLC, Q Fifty One, LLC, prays that after service and due proceedings are had herein, that there be judgment in their favor and against Defendants, Twin City Fire Insurance Company and Hartford Fire Insurance Company, jointly, severally, and *in solido*, for damages, together with interest from the date of judicial demand, for expert fees and all costs of these proceedings; for a trial by jury; and for all general and equitable relief.

**SCHEXNAYDRE LAW FIRM**

BY: __/s/ *David J. Schexnaydre*__
DAVID J. SCHEXNAYDRE, T.A. (#21073)
2859 Highway 190 • Suite 212
Mandeville, Louisiana 70471
Telephone: (985) 292-2020
Fax: (985) 235-1089
Email: david@schexnaydre.com
Counsel for Plaintiffs

PLEASE SERVE:

Twin City Fire Insurance Company/Hartford Fire Insurance Company
Through its agent for service of process
Louisiana Secretary of State
3851 Essen Lane
Baton Rouge, Louisiana 70809

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Q CLOTHIER NEW ORLEANS, LLC | * | CIVIL ACTION NO.: |
| Q SHIRTMAKERS WEST VILLAGE, LLC | * | |
| Q CUSTOM CLOTHIER HOUSTON, LLC | * | JUDGE: |
| Q CUSTOM CLOTHIER OKC, LLC | * | |
| Q CUSTOM CLOTHIER ATL, LLC | * | MAGISTRATE: |
| Q CLOTHIER TULSA, LLC | * | |
| Q CLOTHIER FT. WORTH, LLC | * | |
| Q FIFTY ONE DIGITAL, LLC | * | |
| Q FIFTY ONE, LLC | * | |
| Plaintiffs | * | |
| VERSUS | * | |
| | * | |
| TWIN CITY FIRE INSURANCE COMPANY and | * | |
| HARTFORD FIRE INSURANCE COMPANY | * | |
| Defendants | * | |

*****************************************************************************

## JURY DEMAND

Plaintiffs, Q Clothier New Orleans, LLC, Q Shirtmakers West Village, LLC, Q Custom Clothier Houston, LLC, Q Custom Clothier OKC, LLC, Q Custom Clothier ATL, LLC, Q Clothier Tulsa, LLC, Q Clothier Ft. Worth, LLC, Q Fifty One Digital, LLC, Q Fifty One, LLC, in the above entitled cause, demand a trial of the case by jury.

**SCHEXNAYDRE LAW FIRM**

BY:  /s/ *David J. Schexnaydre*
DAVID J. SCHEXNAYDRE, T.A. (#21073)
2859 Highway 190 • Suite 212
Mandeville, Louisiana 70471
Telephone: (985) 292-2020
Fax: (985) 235-1089
Email: david@schexnaydre.com
Counsel for Plaintiffs